IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| M. ELIZABETH MONIHAN, as Successor Trustee of the Spahr 2003 Charitable Lead Trust, 1375 E. Ninth St., Ste. 900 Cleveland, Ohio 44114, | CASE NO.: JUDGE |
| Plaintiff, | **COMPLAINT** |
| v. | |
| UNITED STATES OF AMERICA, C/O U.S. Attorney General Department of Justice Washington, D.C. 20530 | |
| ALSO SERVE: | |
| C/O U.S. Attorney, N.D. Ohio Carl B. Stokes U.S. Court House 801 West Superior Avenue Suite 400 Cleveland, Ohio 44113-1852 | |
| Defendant. | |

Plaintiff, M. Elizabeth Monihan, as Successor Trustee of the Spahr 2003 Charitable Lead Trust, ("Monihan" or the "Plaintiff") states for her Complaint for Refund against Defendant, United States of America, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is, and at all times relevant has been, a resident of Cuyahoga County, Ohio.

2. Plaintiff is the duly appointed, qualified, and current Trustee of the Spahr 2003 Charitable Lead Trust (the "Trust"), employer identification number XX-XXX5021, established

under that certain Irrevocable Trust Agreement dated July 25, 2003, between Mary Jane Spahr and Charles E. Spahr, as Grantors, and J. Donald Cairns, as initial Trustee (the "Trust Agreement").

3. Pursuant to the terms of the Trust Agreement, Plaintiff became Successor Trustee of the Trust upon J. Donald Cairns' resignation, and filed Form 56, Notice Concerning Fiduciary Relationship with Defendant by U.S. mail on November 7, 2019. A copy of the Form 56, Notice Concerning Fiduciary Relationship dated November 7, 2019 is attached and incorporated hereto as **Exhibit** "**A**."

4. Defendant is the United States of America.

5. Plaintiff brings this suit pursuant to 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1) against Defendant for the recovery of federal income tax collected from the Trust by Defendant for the Trust's 2017 tax year and related interest, as allowed under 26 U.S.C. § 6611, and reasonable litigation costs, including attorneys' fees, as are available under 26 U.S.C. § 7430.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a) because this is an action for the recovery of internal revenue tax erroneously or illegally assessed or collected.

7. This Court is the proper venue pursuant to 28 U.S.C. § 1402(a)(2) because Plaintiff's principal place of business is in Cuyahoga County, Ohio, where the Trust is and at all times relevant has been administered.

**FACTUAL BACKGROUND**

8. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully restated herein.

9. The Trust's 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts, was due on April 16, 2018, unless extended by the filing of Form 7004, Application for Automatic

Extension of Time to File Certain Business Income Tax, Information, and Other Returns, on or before April 16, 2018.

10. On April 11, 2018, a Form 7004, Application for Automatic Extension of Time to File Certain Business Income Tax, Information, and Other Returns, relating to the Trust's 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts was timely electronically filed, which extended the filing deadline of the Trust's 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts to October 15, 2018.

11. On April 11, 2018, an electronic acknowledgement for the Trust's Form 7004 was issued indicating acceptance by Defendant for processing. A copy of the Form 7004 electronic filing acknowledgement is attached and incorporated hereto as **Exhibit** "**B**."

12. On April 16, 2018, a check was mailed to Defendant in the amount of One Hundred Fifty-Eight Thousand Six Hundred Eight Dollars ($158,608.00) as an extension payment for the Trust's 2017 Form 1041, based on the then-current expectations of the Trust's 2017 tax obligations. A copy of the mailed extension voucher and payment is attached and incorporated hereto as **Exhibit** "**C**."

13. On September 27, 2018, pursuant to the extension filed on April 11, 2018, a timely 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts, was electronically filed on behalf of the Trust showing negative taxable income and that no tax was due, and requesting a refund of One Hundred Eighty-Nine Thousand Nine Hundred Eighty-Four Dollars ($189,984.00) resulting from an overpayment of Thirty-One Thousand Three Hundred Seventy-Six Dollars ($31,376.00) in estimated income tax payments made for the 2017 tax year and the One Hundred Fifty-Eight Thousand Six Hundred Eight Dollars ($158,608.00) extension payment made on April 11, 2018 for the 2017 tax year.

14. On September 27, 2018, an electronic acknowledgement for the Trust's 2017 Form 1041 was issued indicating acceptance by Defendant for processing. Copies of the 2017 Form 1041 and the 2017 Form 1041 electronic filing acknowledgement are attached and incorporated hereto as **Exhibit "D"** and **Exhibit "E."**

15. Pursuant to Treas. Reg. § 301.6402-3(a)(1), the first claim for the Trust's 2017 refund was made on September 27, 2018 through the Trust's timely and electronically filed 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts.

16. On May 6, 2019, Defendant generated Letter 6042C acknowledging receipt of the Trust's 2017 Form 1041 and requesting information from the Trust. A copy of Defendant's Letter 6042C dated May 6, 2019 is attached and incorporated hereto as **Exhibit "F."**

17. On October 21, 2019, Defendant generated Notice CP080 AM12 stating that it had not received Plaintiff's 2017 Form 1041, acknowledging a credit on the Trust's account of One Hundred Eighty-Nine Thousand Nine Hundred Eighty-Four Dollars ($189,984.00), and requesting Plaintiff file her 2017 Form 1041. A copy of Defendant's Notice CP080 AM12 dated October 21, 2019 is attached and incorporated hereto as **Exhibit "G."**

18. On November 7, 2019, Plaintiff responded to Defendant's Notice CP080 AM12 dated October 21, 2019 by separate letters via U.S. mail enclosing the September 27, 2018 electronic filing acknowledgement, a newly signed 2017 Form 1041, and Form 56, Notice Concerning Fiduciary Relationship, indicating the responsible party for the Trust had changed from J. Donald Cairns to Plaintiff. Copies of Plaintiff's response letters with enclosures omitted are attached and incorporated hereto as **Exhibit "H"** and **Exhibit "I."**

19. Pursuant to Treas. Reg. § 301.6402-3(a)(1), Plaintiff made <u>her</u> first claim, although the Trust's second claim, for a refund on the Trust's behalf on November 7, 2019 by filing the

Trust's 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts.

20. On February 4, 2020, Defendant generated Letter 6042C acknowledging receipt of Plaintiff's 2017 Form 1041 and requesting information from Plaintiff. A copy of Defendant's Letter 6042C dated February 4, 2020 is attached and incorporated hereto as **Exhibit** "**J**."

21. On April 20, 2020, Defendant generated Notice CP080 AM12 stating that it had not received Plaintiff's 2017 Form 1041, acknowledging a credit on the Trust's account of One Hundred Eighty-Nine Thousand Nine Hundred Eighty-Four Dollars ($189,984.00), and requesting Plaintiff file her 2017 Form 1041. A copy of Defendant's Notice CP080 AM12 dated April 20, 2020 is attached and incorporated hereto as **Exhibit** "**K**."

22. On August 17, 2020, Plaintiff responded to Defendant's Notice CP080 AM12 dated April 20, 2020 by letter via U.S. mail enclosing the September 27, 2018 electronic filing acknowledgement, a second newly signed 2017 Form 1041, and a copy of Defendant's Notice CP080 AM12 dated October 21, 2019 with Plaintiff's November 7, 2019 response. A copy of Plaintiff's response letter dated August 17, 2020 with enclosures omitted is attached and incorporated hereto as **Exhibit** "**L**."

23. Pursuant to Treas. Reg. § 301.6402-3(a)(1), Plaintiff made <u>her</u> second claim, although the Trust's third claim, for a refund on the Trust's behalf on August 17, 2020 by filing the Trust's 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts.

24. On October 8, 2020, Defendant generated Letter 6042C acknowledging receipt of Plaintiff's 2017 Form 1041 and requesting information from Plaintiff. A copy of Defendant's Letter 6042C dated October 8, 2020 is attached and incorporated hereto as **Exhibit** "**M**."

25. On October 19, 2020, Defendant generated Notice CP080 AM12 stating that it had not received Plaintiff's 2017 Form 1041, acknowledging a credit on the Trust's account of One

Hundred Eighty-Nine Thousand Nine Hundred Eighty-Four Dollars ($189,984.00), and requesting Plaintiff file her 2017 Form 1041. A copy of Defendant's Notice CP080 AM12 dated October 19, 2020 is attached and incorporated hereto as **Exhibit** "**N**."

26. On April 26, 2021, Defendant generated Notice CP081 AM18 stating that it had not received Plaintiff's 2017 Form 1041 and requesting Plaintiff file her 2017 Form 1041. A copy of Defendant's Notice CP080 AM12 dated April 26, 2021 is attached and incorporated hereto as **Exhibit** "**O**."

27. On May 12, 2021, Plaintiff responded to Defendant's Notice CP081 AM18 dated April 26, 2021 by letter via U.S. mail enclosing the September 27, 2018 electronic filing acknowledgement, a third newly signed 2017 Form 1041, a copy of Defendant's Notice CP080 AM12 dated October 21, 2019 with Plaintiff's November 7, 2019 response, and a copy of Defendant's Notice CP080 AM12 dated April 20, 2020 with Plaintiff's August 17, 2020 response. A copy of Plaintiff's May 12, 2021 response letter with enclosures omitted is attached and incorporated hereto as **Exhibit** "**P**."

28. Pursuant to Treas. Reg. § 301.6402-3(a)(1), Plaintiff made <u>her</u> third claim, although the Trust's fourth claim, for a refund on the Trust's behalf on May 12, 2021 by filing the Trust's 2017 Form 1041, U.S. Income Tax Return for Estates and Trusts.

29. On June 29, 2021, Plaintiff responded to IRS Letter 6042C dated October 8, 2020 by fax providing the requested information. A copy of Plaintiff's response to IRS Letter 6042C dated October 8, 2020 is attached and incorporated hereto as **Exhibit** "**Q**."

30. On November 26, 2021, Brian R. Wright, Program Manager for AM Ops 1 for Defendant, generated Letter 2645C responding to Plaintiff's May 12, 2021 letter, apparently received on May 24, 2021, stating that Defendant was working on Plaintiff's account and

requesting an additional 60 days to complete a response to Plaintiff's May 12, 2021 letter. A copy of Defendant's Letter 2645 dated November 26, 2021 is attached and incorporated hereto as **Exhibit** "**R**."

31. On January 26, 2022, Mr. Wright generated Letter 2644C following up on Defendant's Letter 2645C dated November 26, 2021 requesting additional time to provide a complete response to Plaintiff's May 12, 2021. A copy of Defendant's Letter 2644C dated January 26, 2022 is attached and incorporated hereto as **Exhibit** "**S**."

32. On March 10, 2022, Plaintiff filed Form 911, Request for Taxpayer Advocate Service Assistance via U.S. mail with the IRS' Taxpayer Advocate Service requesting assistance with procuring the refund. A copy of Plaintiff's Form 911 dated March 10, 2022 with exhibits omitted is attached and incorporated hereto as **Exhibit** "**T**."

33. Despite Plaintiff's numerous inquiries to and subsequent filings with Defendant, including multiple phone calls to the Practitioner Priority line and to the telephone numbers provided on the various IRS notices and letters, eventually a submission to the Taxpayer Advocate Service, and three additional submissions by U.S. mail of the Trust's 2017 Form 1041, Defendant has neither provided a complete response to Plaintiff's inquiries nor issued the Trust's refund to which it is duly entitled.

## CLAIM FOR RELIEF

34. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully restated herein.

35. Plaintiff, on behalf of the Trust, is entitled to a refund of One Hundred Eighty-Nine Thousand Nine Hundred Eighty-Four Dollars ($189,984.00) in federal income tax, plus interest as allowed under 26 U.S.C. § 6611, for the 2017 tax year.

36. Plaintiff, on behalf of the Trust, is entitled to reimbursement of reasonable litigation costs, including attorneys' fees, incurred in pursuing the income tax refund and related interest for the 2017 tax year.

37. Accordingly, Plaintiff, on behalf of the Trust, seeks recovery of the overpayment of One Hundred Eighty-Nine Thousand Nine Hundred Eighty-Four Dollars ($189,984.00) of federal income tax that was erroneously collected by Defendant, plus interest as allowed under 26 U.S.C. § 6611 and reasonable litigation costs, including attorneys' fees, as are available under 26 U.S.C. § 7430.

**WHEREFORE**, Plaintiff requests that this Court issue an order awarding Plaintiff, on behalf of the Trust:

A. A refund of overpaid federal income tax for the 2017 tax year of One Hundred Eighty-Nine Thousand Nine Hundred Eighty-Four Dollars ($189,984.00);

B. Interest as allowed under 26 U.S.C. § 6611;

C. Reasonable litigation costs, including attorneys' fees, as are available under 26 U.S.C. §7430; and

D. Such other relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Aanchal Sharma*
Aanchal Sharma (#0086334)
Justin L. Stark (#0098497)
SCHNEIDER SMELTZ SPIETH BELL LLP
1375 E. Ninth Street, Suite 900
Cleveland, Ohio 44114
(216) 696-4200
(216) 696-7303 (fax)
asharma@sssb-law.com
jstark@sssb-law.com

***Counsel for Plaintiff, M. Elizabeth Monihan, Successor Trustee of the Spahr 2003 Charitable Lead Trust***